UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20360-BLOOM/Louis

JEFFREY PETER DATTO, PH.D.,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant, Florida International University Board of Trustee's ("Defendant"), Motion to Stay Discovery Pending Ruling on Motion to Dismiss, ECF No. [29] ("Motion"). Plaintiff filed a Response in Opposition, ECF No. [33] ("Response"), to which Defendant filed an Amended Reply, ECF No. [35] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On January 28, 2020, *pro se* Plaintiff filed his Complaint, ECF No. [1], which asserts six counts based on alleged violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973. *Id.* Specifically, Plaintiff alleges that Defendant improperly denied him admission to its medical school based on his alleged bipolar disorder diagnosis and his past litigation history with Thomas Jefferson University's medical school, which school he attended but was dismissed from in the early 2000s. *See generally id.* He brings claims for disparate treatment, failure to accommodate, and retaliation under both statutes. *Id.* On May 5, 2020, Defendant filed its Motion

to Dismiss, ECF No. [20], to which Plaintiff filed a Response, ECF No. [30], and to which Defendant filed a Reply, ECF No. [32].

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. FIa. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

Defendant's arguments in favor of staying discovery rest largely on the notion that its motion to dismiss has the potential to dispose of the case in its entirety or to narrow the issues in dispute. Additionally, Defendant notes that Plaintiff has five cases currently pending in Florida District Courts and two of those courts have granted motions to stay discovery. ECF No. [29] at 2, 5-6. Overall, Defendant's arguments are grounded in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11t Cir. 1997), and its progeny. In *Chudasama,* the Eleventh Circuit instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [ ] be resolved before discovery begins." *Id.* at 1367; *see also Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

*Chudasama* does not state a general rule that discovery be stayed pending resolution of a motion to dismiss. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (*Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed"). Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, Defendant's motion to dismiss has been ripe since only June 8, 2020, and the instant Motion was filed on May 29, 2020 before Plaintiff even responded to the dispositive motion.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. "[A] motion to stay

discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone*, 2008 WL 2906719, at *2. Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

Having taken a "preliminary peek" at the pending motion to dismiss and related filings, this case does not present the type of an "especially dubious" claim faced by the *Chudasama* Court where disposing of the case by motion to dismiss would avoid "needless and extensive discovery." *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *1-2 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss); *Ray*, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone*, 2008 WL 2906719, at *2; (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Montoya*, 2014 WL 2807617, at *2 (rejecting stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"); *Flecha*, 944 F. Supp. 2d at 1203 (rejecting stay where "genuine dispute" presented in parties' papers).

Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint its entirety and with prejudice. Relatedly, the Court does not find that Defendant has carried its burden to demonstrate

good cause and reasonableness. In this respect, the Court is unconvinced that Defendant would be so burdened by engaging in discovery before the motion to dismiss is resolved.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [29]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 30, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jeffrey Peter Datto, Ph.D.
3352 W. 98th Place
Hialeah, FL 33018
215-915-4416
Email: jpdatto@gmail.com