UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20360-BLOOM/Louis

JEFFREY PETER DATTO, PH.D.,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Motion to Be Appointed Counsel, ECF No. [52] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

A litigant has no constitutional right to counsel in a civil case, and the decision to appoint counsel is in the court's discretion. *See Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006). Counsel should only be appointed in "exceptional circumstances." *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). "'The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.'" *Id.* (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).

Here, the factual circumstances and issues raised in the Complaint, ECF No. [1], do not rise to the level of "exceptional circumstances." Indeed, Plaintiff asserts that the Complaint "may not be considered novel or complex[.]" ECF No. [52] at 1. Further, he does not demonstrate that his potential amended claims that he intends to assert (that are only briefly described) merit the appointment of counsel. To be clear, Plaintiff represents that he is "capable of adequately

Case No. 1:20-cv-20360-BLOOM/Louis

presenting his case," and the Court notes that since this lawsuit was filed, Plaintiff has filed motions, responded to a dispositive motion and a motion to stay, represented himself in a discovery hearing, and demonstrated familiarity with the law. He has also litigated other matters with other courts each without the assistance of counsel. Although a civil rights plaintiff would generally prefer to be represented by counsel, such desire does not satisfy the standard necessary for appointment.

The Court is also unconvinced that appointing counsel is warranted in light of Plaintiff's representation that he "does not want an attorney representing him for the entire matter because he wants to prove that he has the capabilities to think critically and to quickly and appropriately react under pressure while displaying the professionalism needed in the handling of this case because there are important attributes for a person to have to be successful as both a lawyer and a doctor." *Id.* at 5. Plaintiff's desire to prove his capabilities is commendable, but it does not amount to an exceptional circumstance justifying the relief he requests.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [52]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jeffrey Peter Datto, Ph.D.
3352 W. 98th Place

Case No. 1:20-cv-20360-BLOOM/Louis

Hialeah, FL 33018
215-915-4416
Email: jpdatto@gmail.com