UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20360-BLOOM/Louis

JEFFREY PETER DATTO, PH.D.,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. [64] ("Motion"). Defendant, Florida International University Board of Trustees ("FIU" or "Defendant"), filed a response in opposition, ECF No. [67] ("Response"), to which Plaintiff filed a reply, ECF No. [69] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

On July 13, 2020, the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's then-pending six-count complaint. ECF No. [46] ("Dismissal Order"). Specifically, the Court dismissed without prejudice Counts II, III, IV, and VI, which purported to set forth claims under the Rehabilitation Act of 1973 ("RA") (Counts II, IV, and VI) and for failure to accommodate a disability under the Americans with Disabilities Act ("ADA") (Count III). Pursuant to the Dismissal Order, Defendant answered the remaining counts of the Complaint. ECF No. [51].

On September 2, 2020, following leave of Court, Plaintiff filed the operative Amended Complaint, ECF No. [56] ("Amended Complaint"). The Amended Complaint asserts ten counts against Defendant grounded in federal and state law causes of action. Regarding the three federal claims, Plaintiff asserts counts under the ADA for disparate treatment (Count I), failure to accommodate a disability (Count II), and retaliation (Count III). Regarding the seven state law claims, he sues Defendant for negligence (Count IV), fraud in the inducement (Count V), negligent misrepresentation (Count VI), fraudulent concealment (Count VII), negligent omission (Count VIII), breach of implied in fact contract (Count IX), and unjust enrichment (Count X).

On September 15, 2020, Defendant filed a motion to dismiss the Amended Complaint. ECF No. [57] ("Motion to Dismiss"). In the Motion to Dismiss, Defendant makes six overarching arguments. First, Counts III through VIII are shotgun pleadings in that they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.* at 2, 6-7. Second, Count I fails to establish a causal link between Plaintiff's disability and the denial of his applications to FIU's medical school. *Id.* at 2-3, 7-9. Third, Count II fails because the three requested accommodations he seeks are not reasonable as a matter of law. *Id.* at 3, 9-12. Fourth, Count III fails to allege a statutorily protected activity. *Id.* at 3-4, 12-13. Fifth, Plaintiff's negligence claims in Counts IV, VI, and VIII fail to comply with statutory pre-suit notice under Fla. Stat. 768.28, and educational malpractice is not a cognizable claim under Florida law. *Id.* at 4, 13-15. Finally, Counts V through X fail because Defendant is entitled to sovereign immunity. *Id.* at 4-5, 15-17. In this respect, it argues that claims premised on fraud are statutorily barred and that Plaintiff cannot maintain an action based on an alleged implied-in-fact contract. *Id.*

On October 19, 2020, Plaintiff filed the instant Motion seeking leave to file a Second Amended Complaint ("SAC"), ECF No. [64].[1] According to the Motion, on October 9, 2020, a former FIU student contacted Plaintiff and provided him with "new evidence" that FIU's administration told medical students that it has "not wanted to accommodate students with disabilities due to concerns over costs," and that there has been "pushback" related to "wanting to accommodate students with disabilities." *Id.* at 1-2. Co-defendant Dean Jones was reportedly involved with Defendant's denial of accommodations to disabled students, and in Plaintiff's view, "this provides an additional causal connection as to why Dean Jones did not want Plaintiff coming to FIU already knowing that he would be requesting disability accommodations[.]" *Id.* at 2.[2] Additionally, Defendant's counsel on October 16, 2020 provided Plaintiff with a Rule 26 supplement, which included Plaintiff's "candidate status reports" for his 2015 and 2016 applications. *Id.* at 4, 9-11. He seeks leave to amend by re-adding claims under the RA, adding allegations that he provided statutory notice under Fla. Stat. § 768.28(6)(a), making it clearer that his negligent misrepresentation claims and negligent omission claims are not based on bad faith, and that "if there is a need to have separate counts against Dean Jones and the John Does, he would like to include that in the" SAC. *Id.* at 5. He asserts that *pro se* plaintiffs are ordinarily permitted multiple attempts to amend their complaints and that good cause exists because leave "is based on new evidence" and a "late Rule 26 Supplementation[.]" *Id.* at 6-7.

---

[1] The proposed SAC is located at ECF No. [64] at 13-75.

[2] Plaintiff asserts that although he "believes this additional evidence is not needed for the complaint to be plausible on its face," "it definitely provides an additional causal connection for FIU's action of not wanting Plaintiff to be at FIU knowing in advance they would need to accommodate him, which they were unwilling to provide reasonable accommodations at that time even for their own students." *Id.* at 2-3.

3

Defendant responds that amendment is unwarranted because the Motion is untimely (as it was filed after the amendment deadline), and it proposes amendments that "fail to address the deficiencies of the Amended Complaint and ultimately have no bearing on the plausibility of Plaintiff's claims." ECF No. [67] at 1. Defendant adds that should leave be granted, it will be prejudiced because it will incur undue costs and delay associated with preparing a third motion to dismiss, which motion "will essentially be a reiteration of its prior Motion to Dismiss[.]" *Id.* at 2. According to Defendant, the Court previously dismissed the RA claims due to pleading deficiencies, but Plaintiff did not re-assert those claims in the Amended Complaint despite an opportunity to do so. Further, Defendant maintains that the instant SAC allegations still fail to plead the requisite but-for causation to support a viable RA claim. *Id.* at 4, 6. It contends, moreover, that the allegations regarding compliance with Fla. Stat. § 768.28 do not adequately address the Amended Complaint's deficiencies. *Id.* at 4, 6-7.

In reply, Plaintiff argues that Defendant's purported prejudice is minimal if Defendant will raise "similar if not identical arguments" in a later motion to dismiss, ECF No. [69] at 1 (quoting ECF No. [67] at 6), and Plaintiff will cure any deficiencies pointed out by any future dismissal order. *Id.* Regarding the RA claims, he asserts that these claims are based on the "new evidence" provided by FIU and by a former student and they do not substantially alter the claims or the scope of discovery. *Id.* at 2. Regarding allegations of pre-suit notice, Plaintiff maintains that the SAC's allegations are sufficient. *Id.* at 3-4.

The Motion, accordingly, is ripe for consideration.

## II. LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend

4

its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182. *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.' ") (citation omitted).

Under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at R. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). Accordingly, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that

"where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

When a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

Through this lens, the Court addresses the instant Motion.

### III.  DISCUSSION

Determining whether Plaintiff is entitled to amend the Amended Complaint raises two overarching issues. The first is whether "good cause" exists pursuant to Rule 16(b) for amending the Amended Complaint months after the deadline set forth in the Scheduling Order, ECF No. [23], to amend the pleadings had expired. The second is whether there is a "substantial reason" to deny leave to amend under Rule 15(a), such as if amendment would be futile, unduly prejudicial

to Defendant, or where there has been undue delay or dilatory motive. The Court will address each of these issues in turn.

### A. Good cause for seeking leave after the Scheduling Order deadline

The Scheduling Order, ECF No. [23], set July 6, 2020 as the deadline for filing motions to amend the pleadings. The Motion was filed on October 19, 2020. ECF No. [64]. Defendant asserts that because the Motion was filed several months after the amendment deadline passed, Plaintiff lacks good cause for seeking amendment at this time. ECF No. [67] at 1-2. In this respect, Defendant maintains that Plaintiff has previously been granted leave to amend, which leave resulted in Plaintiff filing the Amended Complaint on September 2, 2020.

Upon review and consideration, the Court finds that good cause exists pursuant to Rule 16(b)(4) to excuse Plaintiff's belated filing of the Motion. First, the Court entered the Dismissal Order on July 13, 2020, ECF No. [46]. Accordingly, any subsequent amendment to the initial pleading would necessarily be after the amendment deadline. While Plaintiff previously sought and obtained leave on August 28, 2020 to amend the Complaint, ECF Nos. [54]; [55], the instant Motion was filed approximately a month and a half later, and it was brought within one week of Defendant's pending Motion to Dismiss becoming ripe. Second, Defendant does not argue that Plaintiff has not been diligent, and the Court does not find that Plaintiff has been dilatory. As noted in the Motion, Plaintiff sought leave to amend shortly after receiving FIU's Rule 26 supplemental evidence on October 16, 2020 and the "new evidence" from the former FIU student on October 9, 2020. Third, while Plaintiff did not re-assert RA claims in the Amended Complaint, he explains that had he been provided with the "new evidence" in July 2020, "the "[A]mended [C]omplaint that he filed would have been different." ECF No. [69] at 2. Finally, Defendant fails to show how granting leave to amend after the Scheduling Order deadline expired otherwise affects the scope

of this case, the remaining pre-trial and trial deadlines, or impairs discovery on the parties' disputes. Accordingly, good cause is satisfied. The Court will next proceed to determine whether amendment is appropriate under Rule 15(a)(2), Fed. R. Civ. P.

### B. No substantial reason to deny leave

Defendant maintains that leave should be denied because it will be prejudiced by having to incur costs associated with responding to another pleading, and the SAC does not correct deficiencies in the Amended Complaint. ECF No. [67] at 2-4. Upon review, the Court does not agree that *pro se* Plaintiff should be denied leave to amend.

As noted, district courts have broad discretion in permitting amendment, and leave should be denied only where there is a "substantial reason." *Espey*, 734 F.2d at 750. In this regard, amendment may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant*, 252 F.3d at 1163. Here, although Defendant argues that it will be prejudiced, the Court does not agree that the prejudice will be undue. Defendant does not contend that the proposed SAC expands the nature of the disputes in this case or impacts discovery. Nor does it assert that it will incur significant costs associated with responding to the new pleading. In fact, it represents that it intends to file another motion to dismiss that will be "essentially . . . a reiteration" of its prior motions to dismiss and contain "similar if not identical arguments" to its pending motion. ECF No. [67] at 2, 6. Under these circumstances, the Court does not agree that Defendant's prejudice should preclude Plaintiff from amending his Amended Complaint.

Second, Defendant does not argue that amendment as it pertains to the RA claims is futile. Notably, the Court previously dismissed without prejudice Plaintiff's RA claims, and Plaintiff

8

asserts that he has corrected the earlier pleading deficiencies. Additionally, while Defendant takes issue with Plaintiff's allegations that he provided notice under Fla. Stat. § 768.28, "a general averment will suffice." *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008) (citation omitted). In any event, leave to amend rather than dismissal with prejudice is proper where a complaint fails to allege compliance with the notice requirement. *Id.* at 1393. Finally, while Defendant asserts that Plaintiff "should not be afforded yet another untimely opportunity to cure his prior pleading deficiencies," ECF No. [67] at 6, Plaintiff has only been granted leave to amend once, and Defendant cannot point to a "repeated failure" by Plaintiff to cure any deficiencies. Against this backdrop, the Court notes that Plaintiff is proceeding *pro se*.

Because (1) this circuit embraces a policy of liberally granting amendments; (2) the Federal Rules of Civil Procedure dictate that leave should be granted freely when justice so requires; (3) and there being no "substantial reason" to deny the Motion, the Court finds that Plaintiff has carried its burden under Rule 15(a)(2) and Rule 16(b)(4), Fed. R. Civ. P., to permit amendment.

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [64]**, is **GRANTED**.
2. Plaintiff shall file the Second Amended Complaint by **November 16, 2020**.
3. The Motion to Dismiss, **ECF No. [57]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 1:20-cv-20360-BLOOM/Louis

Copies to:

Counsel of Record

Jeffrey Peter Datto, Ph.D.
3352 W. 98th Place
Hialeah, FL 33018
215-915-4416
Email: jpdatto@gmail.com