UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20360-BLOOM/Louis

JEFFREY PETER DATTO, PH.D.,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Expedited Motion for Clarification on the Court's Scheduling Order, ECF No. [82] ("Motion"). The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised.

On May 7, 2020, the Court entered its Scheduling Order, ECF No. [23]. Plaintiff seeks clarification regarding two matters. First, Plaintiff seeks clarification that he can use declarations, not just affidavits, to support motions for summary judgment in accordance with Fed. R. Civ. P. 56(c). He notes that another court has permitted him to support a motion for partial summary judgment with a declaration. Upon review, for summary judgment purposes, Plaintiff like all litigants is permitted to use the materials included in Fed. R. Civ. P. 56(c)(1)(A). *See id.* (stating that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Further, Rule 56(c)(4) directs that an "affidavit or declaration used to support or oppose a motion must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Therefore, declarations can be used.

Second, Plaintiff seeks clarification of the Scheduling Order's statement that, regarding motions for summary judgment, "if a deposition transcript is relied upon, a complete copy must be filed which includes all exhibits." ECF No. [82] at 2 (citing ECF No. [23] at 4). He asks that if rather than relying on a deposition transcript, he can submit his own affidavit/declaration "attesting to what the deponents said to him during the questioning of them." *Id.* According to Plaintiff, this relief "would be a tremendous cost savings" to him if "he does not need to have deposition transcripts prepared to get past a motion for summary judgment." *Id.* Upon review, the Court denies this request. As an initial matter, there is nothing unclear about the Scheduling Order's requirement that a complete deposition transcript be filed with exhibits. Indeed, the Scheduling Order separately notes that if a deposition transcript is referenced, "a complete copy must be filed which includes all exhibits." ECF No. [23] at 3. Thus, no clarification is necessary on this point. But more importantly, Plaintiff's instant request was recently rejected by Judge Louis. *See* ECF No. [80] ("Discovery Order").

In the Discovery Order, Judge Louis determined that Plaintiff's proposal "runs afoul" of discovery principles and held that any deposition noticed in the case "shall be conducted with a court reporter present" while explaining that procedures involving a court reporter "remove[] doubt as to whether a recording or transcript has been tampered with or edited by either party" and "maintains the integrity of the depositions" because an "officer's certification is important at the summary judgment stage[.]" *Id.* Additionally, Judge Louis rejected Plaintiff's argument that "in lieu of having a transcript generated for later use in this case, [Plaintiff] intends to advance as evidence an affidavit executed by himself attesting to what the witness testified to." *Id.* at 2.

Plaintiff's current request largely expands upon and reframes arguments already made and considered by Judge Louis. The Motion, thus, is improper on this separate basis. Simply put, to the extent Plaintiff seeks to rely upon or reference deposition testimony for purposes of supporting or opposing a summary judgment motion, transcript copies must be filed with the Court. This requirement is clearly explained in the Scheduling Order. An affidavit or declaration attesting to what Plaintiff recalls a deponent stating during a deposition is insufficient.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [82]**, is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jeffrey Peter Datto, Ph.D.
3352 W. 98th Place
Hialeah, FL 33018
215-915-4416
Email: jpdatto@gmail.com