UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20360-BLOOM/Louis

JEFFREY PETER DATTO, PH.D.,

     Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, et al.,

     Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Expedited Motion for Clarification on Court Order Entered on 11/06/2020, ECF No. [96] ("Motion"). The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised.

On November 6, 2020, the Court entered an order granting Plaintiff's Motion for Leave to File a Second Amended Complaint. ECF No. [70] ("Order"). In the Order, the Court found that Plaintiff set forth good cause for seeking leave after the Scheduling Order deadline and that there was no substantial reason to deny leave to amend. *Id.*

Plaintiff now contends that at a recent discovery hearing before Judge Louis, she "stated on the record that she did not find this information [as to the "new evidence" Plaintiff received and referenced in his motion for leave to amend] to be relevant." ECF No. [97] at 2. Plaintiff represents that he intends to "instantly appeal the order if Judge Louis has not changed her mind." *Id.* Accordingly, he seeks clarification on whether the "new evidence" was "part of the good cause causing the Court to allow Plaintiff to re-assert the RA claim, and if so, can he be allowed to perform discovery further investigating this 'new evidence.'" *Id.*

Upon review, the Court denies Plaintiff's request. As an initial matter, the Motion functionally seeks to undermine Judge Louis' rulings made at the December 17, 2020 hearing, and equally, to preempt any potential ruling that is expected. *See* ECF No. [93] (noting that an order is "to follow"). While Plaintiff contends that he will appeal any adverse ruling, no such objection is properly before the Court. The Court will not upend the proper appellate procedure nor use the Order on leave to amend as a "back door" or otherwise improper method for Plaintiff to reargue discovery issues. Moreover, while the Court did make limited references to the "new evidence," ECF No. [70] at 7, it did so (along with listing other reasons) to provide context for finding good cause to "excuse Plaintiff's belated filing of the [motion for leave to amend]." *Id.* The Court made no determination in the Order that the "new evidence" was relevant to this lawsuit. In fact, the Order expressly noted that Plaintiff himself "believe[d] this additional evidence is not needed for the complaint to be plausible on its face[.]" *Id.* at 3 n.2. Therefore, the Motion is without merit.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [96]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jeffrey Peter Datto, Ph.D.
3352 W. 98th Place
Hialeah, FL 33018
215-915-4416

Case No. 1:20-cv-20360-BLOOM/Louis

Email: jpdatto@gmail.com